KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
David M. Friedman (DF-4278)
Joseph A. Gershman (JG-8275)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

*Counsel to Plaintiff Adelphia Recovery Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | |
| ADELPHIA COMMUNICATIONS CORP., *et al.*, a Delaware corporation, | Chapter 11 Case<br>Case No. 02-41729 (REG) |
| Debtors. | |
| ADELPHIA RECOVERY TRUST, | |
| Plaintiff,<br>v. | CIVIL ACTION FILE<br>NO. 07 CIV 11152 (LMM) |
| PRESTIGE COMMUNICATIONS OF NC, INC., *et al.*, | |
| Defendants. | |
| ADELPHIA RECOVERY TRUST, | |
| Plaintiff,<br>v. | CIVIL ACTION FILE<br>NO. 07 CIV 11153 (LMM) |
| FPL GROUP, INC., *et al.*, | |
| Defendants. | **DECLARATION OF<br>JOSEPH A. GERSHMAN** |

    JOSEPH A. GERSHMAN, an attorney admitted to practice before this Court, declares under penalty of perjury as follow:

    1.    I am a member of the law firm of Kasowitz, Benson, Torres & Friedman LLP,

counsel to Plaintiff the Adelphia Recovery Trust ("Plaintiff") in the above-entitled action.

2.   I am fully familiar with the statements set forth below based upon my personal knowledge.

3.   I submit this declaration in support of the Reply Memorandum in Further Support of the Plaintiff's Motion to Withdraw the Reference.

4.   Judge Morris assumed control of the case but it was nonetheless subject to a stay until September of 2006.

5.   Judge Morris partially granted the Trust's request to limit the 30(b)(6) topics by striking one topic entirely during a telephone conference with the parties, and by ordering the parties to confer to further limit the scope of the topics.

6.   In the Prestige Case there are 17 depositions that have been noticed and yet to be taken, and there are likely to be more.

7.   The Prestige Defendants have sought the depositions of at least five more fact witnesses who were formerly employed by Adelphia.

8.   The majority of the Prestige Defendants have not yet been deposed, which will entail at least another six depositions.

9.   There are another six third party depositions that remain to be taken in the Prestige Case.

10.  Neither Plaintiff nor Defendants has waived the right to recall witnesses who have already been deposed to give further testimony in the Prestige Case.

11.  Document discovery is ongoing and Plaintiff has not yet served contention

interrogatories in the Prestige Case.

12. In the FPL Case, the Defendants have only served one set of limited formal document requests and interrogatories, there have been no depositions noticed or taken, there have been no dispositive motions filed, no interrogatories have been served, and the parties have only exchanged preliminary document productions.

13. The Prestige Defendants did not file a motion to dismiss the original complaint, did not file a motion to dismiss the amended complaint, and have not filed a motion for summary judgment, as they promised to do after Constance Campbell's deposition in July 2007.

14. Each and every one of the Defendants' seven document requests contains requests which overlap with the Bank Case including, with respect to (1) Adelphia's insolvency; (2) documents relating to the sale of Adelphia and the attendant valuations and appraisal of assets; (3) Adelphia and its subsidiary's income statements and balance sheet information; (4) financial documents relating to the CCH facility; (5) income statements for cost centers through the date of the closing of the sale with Time Warner and Comcast, (6) expert reports filed on behalf of Adelphia, Deloitte & Touche and the Rigas Family in the Deloitte litigation, and (7) Adelphia's federal tax returns filed in 2000 and 2006.

15. During depositions, the Prestige Defendants repeatedly ask witnesses questions regarding: (1) the Restatement; (2) Adelphia's financial condition generally; (3) the Covington & Burling Report; (4) the work of the Special Committee; (5) the Independent Director's knowledge of the Rigas fraud; (6) the co-borrowing agreements and (7) the "Super 10-K" and other SEC filings.

16. The documents attached hereto are true and accurate copies of the originals.

17.     Attached hereto as Exhibit 1 is the FPL Sixth Amended Scheduling Order was filed on November 21, 2007, and so ordered on December 3, 2007.

18.     Attached hereto as Exhibit 2 is the Prestige Fifth Amended Scheduling Order was so ordered on October 30, 2007.

19.     Attached hereto as Exhibit 3 is the Bank Litigation Endorsed Letter from Judge McKenna outlining Discovery Phases was entered on October 24, 2007.

20.     Attached hereto as Exhibit 4 is Judge Morris' Order dated March 22, 2007.

Dated: New York, New York
       December 24, 2007

                                                       /s/ Joseph A. Gershman
                                                       Joseph A. Gershman

# Exhibit 1

ORIGINAL

GREENBERG TRAURIG, LLP
Adam D. Cole  (AC 1335)
Karen Y. Bitar (KB 8764)
Kathryn S. Gostinger (KG 3984)
The MetLife Building
200 Park Ave.
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Attorneys for Defendants FPL Group, Inc.
and West Boca Security, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>ADELPHIA COMMUNICATIONS CORP., et al.,<br>a Delaware corporation,<br><br>               Debtors. | Chapter 11 Case<br><br>Case No. 02-41729<br>(REG) |
| ADELPHIA COMMUNICATIONS CORP.,<br>et al.,<br><br>               Plaintiffs,<br><br>     vs.<br><br>FPL GROUP, INC.,<br>et al.,<br><br>               Defendants. | (Jointly Administered)<br><br><br><br><br><br>Adv. Pro. No. 04-03295<br>(REG) |

## SIXTH AMENDED SCHEDULING ORDER

In an effort to coordinate discovery in this action with certain scheduling demands, including without limitation other adversary proceedings involving the Debtor, the parties jointly have agreed to, and propose to the Court, the following sixth amended discovery plan:

1. March 31, 2008 — Fact Discovery Must Be Completed

2. June 2, 2008 — The Party Bearing the Burden of Proof as to a Particular Issue Shall Serve Expert Reports

3. July 11, 2008 — Responsive Expert Reports Shall be Served

4. August 25, 2008 — All Expert Discovery, including expert depositions, to be completed

5. October 6, 2008 — Deadline to File and Serve All Dispositive Motions

6. October 20, 2008 — Final Pre-trial Order, provided that, in the event that dispositive motions are pending, this deadline shall be suspended until such time as the Court orders otherwise.

7. November 10, 2008 — Final Pre-trial Conference, provided that, in the event that dispositive motions are pending, this deadline shall be suspended until such time as the Court orders otherwise.

8. March 23, 2009 — Trial Date, provided that, in the event that dispositive motions are pending, this deadline shall be suspended until such time as the Court orders otherwise.

Dated: New York, New York
November 21, 2007

Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

GREENBERG TRAURIG LLP

By: _____

By: _____

David M. Friedman (DF 4278)
Joseph A. Gershman (JG 8275)
1633 Broadway
New York, New York 10019
(212) 506-1700
*Counsel for Plaintiff
the Adelphia Recovery Trust*

Adam D. Cole (AC 1335)
Karen Y. Bitar (KB 8764)
Kathryn S. Gostinger (KG 3984)
200 Park Avenue
New York, New York 10166
(212) 801-9200
*Counsel for Defendants*

s/ Robert E. Gerber    12/3/2007
_____
SO ORDERED:

# Exhibit 2

TROUTMAN SANDERS LLP
Harris B. Winsberg (Ga. Bar No. 770892)
Douglas E. Ernst (Ga. Bar No. 249956)
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308-2216
(404) 885-3000

Counsel for the Defendants

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ADELPHIA COMMUNICATIONS CORP., et al., a Delaware corporation | Case No. 02-4-1729 (REG) |
| | Jointly Administered |
| Debtors. | |
| ADELPHIA RECOVERY TRUST, | Adv. Pro. No. 04-03293 (CGM) |
| Plaintiff, | |
| v. | |
| PRESTIGE COMMUNICATIONS OF NC, INC., JONATHAN J. OSCHER, LORRAINE OSCHER McCLAIN, ROBERT F. BUCKFELDER, BUCKFELDER INVESTMENT TRUST, and ANVERSE, INC., | |
| Defendants. | |

## FIFTH AMENDED SCHEDULING ORDER

In an effort to coordinate discovery in this action, the parties jointly have agreed to, and propose to the Court, the following amended discovery plan:

1.  March 15, 2008—Fact Discovery Must Be Completed;

2.  April 30, 2008—The Party Bearing the Burden of Proof as to a Particular Issue Shall Serve Expert Reports;

3.  July 5 *3*, 2008—Responsive Expert Reports Shall be Served;

4.  August 10 *8*, 2008—All Expert Discovery, including expert depositions, to be completed;

5.  October 26 *24*, 2008—Deadline to File and Serve All Dispositive Motions;

6.  November 28 *21*, 2008—Final Pre-trial Order, provided that, in the event that dispositive motions are pending, this deadline shall be suspended until such time as the Court orders otherwise;

7.  December 12 *17*, 2008—Final Pre-trial Conference, provided that, in the event that dispositive motions are pending, this deadline shall be suspended until such time as the Court orders otherwise;

8.  April 2 *January 20,* 2009—Trial Date, provided that, in the event that dispositive motions are pending, this deadline shall be suspended until such time as the Court orders otherwise;

9.  Each Party reserves the right to file a motion to seek a stay of Expert Discovery in the event that a motion for summary judgment is filed. Each Party also recognizes that any motion for summary judgment filed in this action must comply with S.D.N.Y. Local Bankruptcy Rule 7056-1.

Dated: Poughkeepsie, New York
       October 30, 2007.

/s/ Cecelia Morris
_____
Honorable Cecelia G. Morris
United States Bankruptcy Judge

[SIGNATURES CONTINUED ON NEXT PAGE]

Respectfully submitted,

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

By:  /s/ David M. Friedman
     David M. Friedman (DF-4278)
     Joseph A. Gershman (JG-8275)
     1633 Broadway
     New York, New York 10019
     Telephone No.:   (212) 506-1700
     *Counsel for Plaintiff*


TROUTMAN SANDERS LLP

By:  /s/ Harris B. Winsberg
     Harris B. Winsberg (Ga. Bar No. 770892)
     Douglas E. Ernst (Ga. Bar No. 249956)
     Bank of America Plaza, Suite 5200
     600 Peachtree Street, N.E.
     Atlanta, Georgia 30308
     Telephone No.:   (404) 885-3000
     *Counsel for Defendants*

# Exhibit 3

SIMPSON THACHER & BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

**MEMO ENDORSED**  /p.2/

E-MAIL ADDRESS
wrussell@stblaw.com

DIRECT DIAL NUMBER
212-455-3979

BY HAND

October 23, 2007

Re: *Adelphia Recovery Trust v. Bank of America, N.A., et al.*,
Case No. 05 Civ. 9050 (LMM)

The Honorable Lawrence M. McKenna
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1640
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/07

OCT 24 2007

LAWRENCE M...

Dear Judge McKenna:

We represent Wachovia Bank, National Association and Wachovia Capital Markets, LLC (f/k/a Wachovia Securities, Inc.), named defendants in the above-captioned action. We write this letter on behalf of the parties who have appeared in the above-captioned action.

On September 21, 2007, we submitted to Your Honor a proposed discovery plan for Your Honor's consideration in accordance with the Court's Memorandum and Order dated August 1, 2007 (as amended by the Court's Memorandum and Order dated September 7, 2007). In our cover letter accompanying this proposed discovery plan, we indicated that there were a few defendants who had not yet decided whether they would participate in the Phase One process described in the proposed discovery plan.

We write this letter to report to Your Honor that each of the defendants listed in footnote 1 of the proposed discovery plan, with the exception of one defendant, has confirmed its agreement to participate in the Phase One process. The parties expect that the remaining defendant, who only recently retained outside counsel, will likewise agree to participate in the Phase One process once its counsel has had the opportunity to familiarize itself with these proceedings and with the proposed discovery plan.

Regardless of whether that defendant decides to sign on to the Phase One process, all other parties are prepared to declare effective the agreement concerning the Phase One process, and agree that the Court should approve the proposed discovery plan at this time. Several of the dates in the proposed discovery plan are triggered by this Court's

LOS ANGELES    PALO ALTO    WASHINGTON, D.C.    BEIJING    HONG KONG    LONDON    TOKYO



SIMPSON THACHER & BARTLETT LLP

The Honorable Lawrence M. McKenna   -2-                    October 23, 2007

entry of an order embodying the schedule set forth in the proposed discovery plan, and the parties who have appeared in this action agree that there is no need to wait any longer for this one defendant. The parties hope to provide the Court with a status report as to this defendant as soon as possible.

We are available at Your Honor's convenience if the Court has any questions or wishes to discuss this matter.

Respectfully,

*William T. Russell*

William T. Russell, Jr.

cc: The Honorable Daniel H. Weinstein (by email)
Jed Melnick, Esq. (by email)
All counsel of record (by email)

*[Handwritten endorsement:]* The discovery plan annexed to Mr. Russell's letter to the Court of 9/21/07 is approved. (The one defendant who has not, as of this date, decided to agree to Weinstein may, if necessary, write to the Court setting forth with specificity its objections.) So ordered.

LMM 10/24/07

1. Mr. Russell is requested to communicate a copy of this endorsement to all interested counsel.

# Exhibit 4

| | |
|---|---|
| KASOWITZ, BENSON, TORRES<br>& FRIEDMAN LLP<br>David M. Friedman (DF-4278)<br>Joseph A. Gershman (JG-8275)<br>1633 Broadway<br>New York, New York 10019<br>Tel: (212) 506-1700<br>Fax: (212) 506-1800 | WILLKIE FARR & GALLAGHER<br>LLP<br>Terence McLaughlin (TM-287)<br>787 Seventh Avenue<br>New York, NY 10019<br>Tel: (212) 728-8000<br>Fax: (212) 728-8111 |
| *Counsel to the Adelphia Recovery Trust* | *Counsel to Reorganized Debtors* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>ADELPHIA COMMUNICATIONS CORP., et al.,<br>a Delaware corporation,<br><br><br>Debtors. | Chapter 11 Case<br><br>Case No. 02-41729 (REG) |
| ADELPHIA COMMUNICATIONS CORP., et al.,<br><br>Plaintiffs,<br>vs.<br><br>PRESTIGE COMMUNICATIONS OF NC, INC., et al.,<br><br>Defendants. | Adv. Pro. No. 04-03293<br>(CGM)<br><br><br><br>**ORDER GRANTING<br>LEAVE TO FILE<br>AMENDED COMPLAINT** |

THIS MATTER having been presented to the Court upon the motion of Plaintiffs to file an amended complaint pursuant to Fed R. Civ. P. 15(a); and the Court having considered the arguments of counsel in support of and in opposition to the motion; and for good cause having been shown;

IT IS HEREBY ORDERED that Plaintiffs are granted leave to file and serve the Amended Complaint, in the form attached to Plaintiffs' notice of motion, within 10 days of the entry of this Order

And IT IS FURTHER ORDERED that the Defendants have 30 days from the date of service of the Amended Complaint to file their Amended Answer.

Dated this 22nd day of March, 2007

/s/ Cecelia Morris<br>CECELIA G. MORRIS, U. S. B. J.