```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ADELPHIA RECOVERY TRUST,            :

                Plaintiff,          :    07 Civ. 11152 (LMM)

        - v -                       :

PRESTIGE COMMUNICATIONS OF NC,      :    MEMORANDUM AND ORDER
INC., et al.,                            (Related to
                                    :    03 MDL 1529(LMM) and
                Defendants.              05 Civil 9050 (LMM))
                                    :
------------------------------------x

ADELPHIA RECOVERY TRUST,            :

                Plaintiff,          :    07 Civ. 11153 (LMM)

        - v -                       :

FPL GROUP, INC., et al.,            :

                Defendants.         :
------------------------------------x
```

McKENNA, D.J.,

The above identified actions (hereinafter the "Prestige Action" (07 Civ. 11152) and the "FPL Action" (07 Civ. 11153)) were commenced and are pending as adversary proceedings in the Chapter 11 proceedings of Adelphia Communications Corp. ("Adelphia") and affiliated debtors. (U.S. Bankruptcy Court, Southern District of New York, Case No. 02-41729 (REG).) Plaintiff moves, pursuant to 28 U.S.C. § 157(d) to withdraw the reference of both cases to the Bankruptcy Court.

The Prestige Action arises out of the sale in July of 2000 by the former owners of certain cable systems to Adelphia and to members of the Rigas family (Adelphia's controlling shareholders). Plaintiff alleges that the Rigas family obtained one cable system for substantially less than it was worth by causing Adelphia to overpay for the systems it purchased. Plaintiff asserts three claims against the defendants: (1) for the avoidance and recovery of a constructively fraudulent transfer under 11 U.S.C. §§ 544(b) and 550; (2) for the avoidance and recovery of an intentionally fraudulent transfer under 11 U.S.C. §§ 544(b) and 550; and (3) for damages by reason of defendants' alleged aiding and abetting of breaches by members of the Rigas family of their fiduciary duties to Adelphia.

The FPL Action arises out of the repurchase by Adelphia, in January of 1999, of Adelphia stock from defendants (or a predecessor). Plaintiff alleges that, at the time, Adelphia was insolvent or had unreasonably small capital, and did not receive reasonably equivalent value for its cash payment. Plaintiff asserts a claim for the avoidance and recovery of a constructively fraudulent transfer under 11 U.S.C. §§ 544(b) and 550.

On February 9, 2006, the Court withdrew the reference to another adversary proceeding in the Adelphia Chapter 11 proceedings in which the same plaintiff is asserting some 57 claims against several hundred banks and investment banks. (05 Civil 9050.)

The parties in 05 Civil 9050 are presently engaged in discussions looking toward substantial but not complete discovery which they believe will assist them in mediated settlement discussions. Should settlement not be possible, full discovery will commence, with a trial to commence not later than March 1, 2009. Also currently, hundreds of defendants are responding to the 57-claim, 474-page amended complaint, many in motions under Fed. R. Civ. P. 12. There is pending, as well, a contested motion by defendants for the production of all materials produced by plaintiff to Adelphia's auditor in a now-resolved state court litigation. And there is also pending an appeal by many defendants from a decision of Bankruptcy Judge Gerber dismissing certain claims in the original complaint in what is now 05 Civil 9050 (including one for aiding and abetting alleged breaches of fiduciary duty).

The principal arguments made by plaintiff for withdrawal of the reference of the above-entitled actions (which are currently assigned to two different bankruptcy judges) are that, in view of overlapping issues in such actions and 05 Civil 9050: (i) there is a danger of inconsistent results, or that a decision in one case could preclude a central issue even from being reached in a case because of collateral estoppel; (ii) cost savings to plaintiff will result if it can brief common issues only once; and (iii) a

considerable amount of discovery will not have to be duplicated if the three cases are before one judge. (See Pl. Mem. at 10-11.)

The two above-entitled cases are presently scheduled to go to trial in January of 2009, and 95 Civil 9050 not later than March 1, 2009.

Withdrawal is not, in this case, mandatory. See 28 U.S.C. § 157(d) (second sentence).

Plaintiff's motion is timely within the meaning of 28 U.S.C. § 157(d) because the confluence of activity in the Prestige and FPL Actions and 05 Civil 9050 is quite recent.

The Court accepts, arguendo, the Prestige and FPL defendants' arguments that the claims against them are core claims. That is not, however, dispositive. The significant factors here are the efficient use of judicial resources, and costs to the parties. See In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996). Overlaps in claims and in discovery can substantially affect such factors. In re Wedtech Corp., 81 B.R. 237, 239 (S.D.N.Y. 1987).

Here, there is substantial overlap between issues in the Prestige Action and 05 Civil 9050. Both, for instance, contain a claim for aiding and abetting breach of fiduciary duty, a claim which, presents difficult choice of law issues (including issues as to how to determine the law of states other than New York) and difficult issues about whether, and, if so, how, the defense of in

4

<u>pari delicto</u> applies, and both require determinations as to the financial situation of Adelphia during overlapping time periods, and, consequently, potentially overlapping discovery.

The FPL Action, on the other hand, does not contain a claim for aiding and abetting breach of fiduciary duty (but only claims under the Bankruptcy Code), and concerns a transaction in January of 1999, prior to the inception of the co-borrowing facilities that are at the heart of 05 Civ. 5090.

In this Court's estimation, the pursuit of the Prestige Action through discovery, dispositive motions and trial on a track parallel to that of 05 Civil 9050 poses a substantial risk of conflicting decisions and overlapping discovery. The Court is not persuaded that the FPL Action present the same risk.

For the foregoing reasons, the motion to withdraw the reference is granted as to the Prestige Action and denied as to the FPL Action.

SO ORDERED.

Dated: January 8, 2008

_____
Lawrence M. McKenna
U.S.D.J.